IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ronald Hinkle, Millie Harling, Anthony Gallardo and Patricia Shriver, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09 C 5004 |
| Allied Interstate, Inc., a Minnesota corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Ronald Hinkle, Millie Harling, Anthony Gallardo and Patricia Shriver, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Ronald Hinkle ("Hinkle"), is a citizen of the State of West Virginia, from whom Defendant attempted to collect a delinquent consumer debt for a Bank of America credit card, despite the fact that he was represented as to this debt by the legal

aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. The other Plaintiffs are also all clients of the attorneys at LASPD, from whom Defendant attempted to collect various delinquent consumer debts, despite the fact that they were represented by counsel. Plaintiff Millie Harling ("Harling") is a citizen of the State South Carolina; Plaintiff Anthony Gallardo ("Gallardo") is a citizen of the State of Kansas; and, Plaintiff Patricia Shriver ("Shriver") is a citizen of the State of Oklahoma.

5. Defendant, Allied Interstate, Inc. ("Allied"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Allied operates a nationwide delinquent consumer debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant Allied is licensed to conduct business in the State of Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State, which is attached as Exhibit A.

7. Moreover, Defendant Allied is licensed as a collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation, which is attached as Exhibit B.

## FACTUAL ALLEGATIONS

**Mr. Ronald Hinkle**

8.      Mr. Hinkle is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Bank of America credit card. When Defendant Allied began trying to collect the Bank of America debt from Mr. Hinkle, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, which runs a nationwide program to protect seniors and disabled persons in financial difficulties from collection, in cases in which those persons have limited assets and whose limited income is protected from collections.

9.      Accordingly, on October 1, 2008, one of Mr. Hinkle's attorneys at LASPD wrote a letter to Defendant Allied, advising Allied that Mr. Hinkle was represented by counsel and directing Allied to cease contacting Mr. Hinkle and to cease all further collection activities because Mr. Hinkle was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10.     Disregarding this letter, Defendant Allied continued to call Mr. Hinkle directly, in an attempt to collect the Bank of America debt.

11.     Accordingly, on November 30, 2008, Mr. Hinkle's LASPD attorney had to send Defendant Allied yet another letter, directing it to cease communications and to cease its collection attempts. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Nonetheless, Defendant Allied kept calling Mr. Hinkle to try to collect the debt at issue, including, but not limited to, a telephone call on December 6, 2008, from phone number 800-296-4551.

**Ms. Millie Harling**

13. Ms. Harling is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed to AT&T for a cell phone bill. When Defendant Allied began trying to collect the AT&T debt from Ms. Harling, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program.

14. On May 13, 2009, Ms. Harling's LASPD attorney wrote to Defendant Allied, advising Allied that Ms. Harling was represented by counsel and directing Allied to cease contacting Ms. Harling and to cease all further collection activities because Ms. Harling was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit E.

15. Disregarding this letter, Defendant Allied continued to call Ms. Harling, directly, from phone number 818-450-5620, in an attempt to collect the AT&T debt.

16. Accordingly, on July 14, 2009, at 12:35 p.m. (CST), Ms. Harling's LASPD attorney had to send Defendant Allied yet another letter directing it to cease communications and to cease its collection attempts. Copies of this letter and fax confirmation are attached as Exhibit F.

17. Nonetheless, defendant Allied kept calling Ms. Harling to try to collect the AT&T debt, including, but not limited to, telephone calls on July 14, 2009, at 4:00 p.m., and July 20, 2009, at 4:40 p.m., from phone number 818-450-5620.

**Mr. Anthony Gallardo**

18.	Mr. Gallardo is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Verizon cell phone bill.  When Defendant Allied began trying to collect the Verizon debt from him, Mr. Gallardo turned Defendant Allied's collection actions over to his LASPD legal aid attorney.

19.	Accordingly, on May 28, 2009, Mr. Gallardo's LASPD attorney wrote a letter to Defendant Allied, advising Allied that Mr. Gallardo was represented by counsel, and directing Allied to cease contacting him and to cease all further collection activities because Mr. Gallardo was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit G.

20.	Disregarding this letter, Defendant Allied continued to call Mr. Gallardo directly, in an attempt to collect the Verizon debt and sent him a collection letter, dated June 15, 2009.  A copy of this collection letter is attached as Exhibit H.

21.	On July 27, 2009, Mr. Gallardo's LASPD attorney sent Defendant Allied yet another letter, directing it to cease communications and to cease its collection attempts.  Copies of this letter and fax confirmation are attached as Exhibit I.

22.	Nonetheless, Defendant Allied kept calling Mr. Gallardo to try to collect the debt at issue, including, but not limited to, a telephone call on August 5, 2009 at 5:01 p.m., from Defendant Allied's debt collector, "Angelica".

**Ms. Patricia Shriver**

23.	Ms. Shriver is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Lowe's credit card.

When Defendant Allied began trying to collect the Lowe's debt from Ms. Shriver, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program.

24. On May 29, 2009, Ms. Shriver's LASPD attorney wrote to Defendant Allied informing Allied that Ms. Shriver was represented by counsel, and directing Allied to cease contacting Ms. Shriver and cease all further collection activities because Ms. Shriver was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit J.

25. Disregarding this letter, Defendant Allied continued to call Ms. Shriver directly and sent her a collection letter, dated June 10, 2009, in an attempt to collect the Lowe's debt. A copy of this collection letter is attached as Exhibit K.

26. Accordingly, on August 6, 2009, Ms. Shriver's LASPD attorney had to send Defendant Allied yet another letter directing it to cease communications and to cease its collection attempts. Copies of this letter and fax confirmation are attached as Exhibit L.

27. All of the collection actions at complained of herein occurred within one year of the date of this Complaint.

28. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

29. Plaintiffs adopt and reallege ¶¶ 1-28.

30. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

31. Here, the letters from the Plaintiffs' agent told Defendant Allied to cease communications with the Plaintiffs and that they refused to pay the debts. By continuing to communicate regarding these debts and demanding payment, Defendant Allied violated § 1692c(c) of the FDCPA.

32. Defendant Allied's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

33. Plaintiffs adopt and reallege ¶¶ 1-28.

34. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

35. Defendant Allied knew that Mr. Hinkle, Ms. Harling, Mr. Gallardo and Ms. Shriver were represented by counsel in connection with their debts because the attorneys at LASPD had informed Defendant, in writing, that Plaintiffs were represented by counsel, and had directed Defendant to cease directly communicating with Plaintiffs.

By continuing to contact Plaintiffs directly, despite being advised that they were represented by counsel, Defendant Allied violated § 1692c (a)(2) of the FDCPA.

36. Defendant Allied's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Ronald Hinkle, Millie Harling, Anthony Gallardo and Patricia Shriver, pray that this Court:

1. Find that Defendant Allied's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs, Hinkle, Harling, Gallardo and Shriver and against Defendant Allied, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Hinkle, Harling, Gallardo and Shriver, demand trial by jury.

Ronald Hinkle, Millie Harling, Anthony Gallardo and Patricia Shriver,

By: /s/ David J. Philipps
One of Plaintiffs' Attorneys

Dated: August 14, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com